## Anna Baumgartner v. Gottfried Hoeft and Bertha Hoeft.

1. LIMITATIONS—*Plea of, to Amended Counts.*—Where an amended count to a declaration is filed after the statute of limitations has run, and sets up a cause of action different from that originally declared on, to maintain which different proof is required, and as to which defenses, not pertinent to the original declaration are applicable, a plea of the statute is properly sustained.

**Trespass on the Case,** for malicious prosecution. Appeal from the Superior Court of Cook County; the Hon. WILLIAM G. EWING, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed June 1, 1896.

### STATEMENT OF THE CASE.

This was an action of trespass on the case brought by Anna Baumgartner, appellant, against Gottfried Hoeft and Bertha Hoeft, for an alleged malicious prosecution, arrest and imprisonment. The acts of which complaint is made took place on the 20th day of July, A. D. 1892. Appellant, together with her husband, Phillip Baumgartner, filed their declaration in the Superior Court of Cook County on the 8th day of August, 1892.

On June 5, 1895, the said action being still pending, an order of court was entered discontinuing the same as to the plaintiff, Phillip Baumgartner, and appellant was given leave to file an amended declaration in the said cause instanter.

Thereupon an amended declaration was filed on the 5th day of June, A. D. 1895.

On the 12th day of June, A. D. 1895, the appellees filed their pleas of the general issue to the said amended declaration, and each and every count thereof.

On the 14th day of November, A. D. 1895, the court entered an order allowing appellees to file additional pleas instanter, and thereupon they filed a plea of the statute of limitations to the second count of the amended declaration.

On the 26th day of November, A. D. 1895, appellant filed her demurrer to the plea of the statute of limitations.

On November 30, 1895, appellant's case was dismissed as to all the counts of her declaration, except the second count, and the court, after hearing the arguments of counsel, and being fully advised, overruled the demurrer of the appellant to appellees' plea of the statute of limitations and rendered judgment against appellant for costs, and gave appellees execution for same, from which judgment appellant prosecutes this appeal.

The amended declaration filed June 5, 1895, charged that the appellees, on the 20th day of July, A. D. 1892, aforesaid, in Chicago, county and State aforesaid, "falsely and maliciously and without any reasonable or probable cause whatsoever, conspired with one Clara Bornwasser and induced and coerced and compelled the said Clara Bornwasser, who was a servant of the defendants and under their control, to charge the plaintiff, Anna Baumgartner, with having committed certain offenses punishable by law, to wit, an assault and battery, and making threats. Yet the defendants, well knowing the premises, but contriving and maliciously intending to injure the plaintiff in her aforesaid good name, fame and credit, and to bring her into public scandal, infamy and disgrace and to cause the plaintiff to be imprisoned for a long space of time, and thereby to impoverish and ruin her, on the day aforesaid, in Chicago, in the county and State aforesaid, induced, coerced and compelled the said Clara Bornwasser to appear before one Max Eberhardt, then and there being one of the justices of the peace in and for said county aforesaid, falsely and maliciously and without any reasonable or probable cause whatsoever, charge the plaintiff with having committed the crimes of assault and battery and making threats, and upon such charges the defendants falsely and maliciously and without any reasonable or probable cause whatsoever as aforesaid, caused and procured the said Max Eberhardt, so being such justice as aforesaid, to make and grant his certain warranty under his hand for the apprehending and taking of the plaintiff."

O'Donnell & Coghlan, attorneys for appellant, contended that a plaintiff may restate his cause of action by way of

amendment in a pending action, without its being obnoxious to the objection of introducing new causes of action at any time before trial, by leave of court. Illinois Central Railroad v. Cobb et al., 64 Ill. 128; Dickson v. C., B. & Q. R. R. Co., 81 Ill. 215; United States Ins. Co. v. Ludwig, 108 Ill. 514.

A recovery under the first count would have been a bar to a recovery under the second count of the declaration, and that is decisive of the identity of the cause of action. Insurance Co. v. Thomas, 10 Ill. App. 553; Dickson v. C., B. & Q. Ry., 81 Ill. 215; C. & A. R. R. Co. v. Henneberry, 153 Ill. 354.

The courts are liberal in allowing amendments to avoid the running of the statute of limitations where the amendment but restates the cause of action originally stated. Illinios Central Railroad Co. v. Cobb et al., 64 Ill. 128; North Chicago Rolling Mill Co. v. Monka, 107 Ill. 340; Thomas v. Fame Ins. Co., 108 Ill. 91; Smith v. Taggert, 21 Ill. App. 538.

An amendment can not be regarded as introducing a new cause of action where it merely restates the cause originally set up, but in a different form.    Mitchell v. Milholland, 106 Ill. 175.

An additional count filed after the lapse of the statutory period is not barred where it is merely by way of amendment and restatement of the cause of action originally declared on.    Blanchard v. Lake Shore, etc., Ry., 126 Ill. 416; 27 Ill. App. 22; Chicago N. W. Ry. Co. v. Trayes, 17 Ill. App. 136.

SULLIVAN & HEALY, attorneys for appellees.

Where an amendment or additional count brings forward a new or different cause of action it is regarded and treated as a new suit, began at the time when such amendment or additional count is filed, and the statute is arrested at the latter date, and such amendment or count introducing a cause of action barred by limitation is ineffectual to avoid the statutory bar.    Fish v. Farwell, 160 Ill. 236; Chicago, B. & Q. R. R. Co. v. Jones, 149 Ill. 361; Phelps v. Illinois

Central R. R. Co., 94 Ill. 548; Illinois Central R. R. Co. v. Cobb, Christy & Co., 64 Ill. 128; North Chicago Rolling Mill Co. v. Monka, 107 Ill. 340; Illinois and St. Louis R. R. and Coal Co. v. People, 19 Ill. App. 141; Peoria and Pekin Union Ry. Co. v. United States Rolling Stock Co., 28 Ill. App. 79.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The declaration first filed charged that appellees, "on the 5th day of July, A. D. 1892, in Chicago, in the county and State aforesaid, went and appeared before one Max Eberhardt, Esquire, then and there being one of the justices of the peace in and for the said county aforesaid, and then and there before the said Max Eberhardt, Esq., being such justice as aforesaid, falsely and maliciously and without any reasonable or probable cause whatsoever, charged the plaintiffs with having committed the crime of assault and battery; and upon such charge the defendants, falsely and maliciously, and without any reasonable or probable cause whatsoever, caused and procured the said Max Eberhardt, so being such justice as aforesaid, to make and grant his certain warrant, under his hand, for the apprehending and taking of the plaintiffs, and for bringing the plaintiffs before him, the said Max Eberhardt, or some other justice of the peace in and for said county, to be dealt with according to law for the said supposed offense; and the defendants under and by virtue of the said warrant, afterward, to wit, on the day aforesaid, there wrongfully and unjustly, and without any reasonable or probable cause whatsoever, caused and procured the plaintiffs to be arrested and imprisoned and kept in prison for the space of two hours next following."

The amended declaration set up a cause of action different from that originally declared on, the maintenance of which required different proof, and as to which defenses not pertinent to the first would have been applicable. Fish v. Farwell, 130 Ill. 236; Illinois Steel Co. v. Eylenfeldt, No. 6055, Oct. Term, 1895, 1st Dist. Ill. App.

The judgment of the Superior Court is affirmed.